HARBOTTLE LAW GROUP
S. Daniel Harbottle (State Bar No. 156442)
*dharbottle@harbottlelaw.com*
Tracy Petznick Johnson (State Bar No. 279521)
*tpjohnson@harbottlelaw.com*
Sydney J. Blaauw (State Bar No. 293331)
*sblaauw@harbottlelaw.com*
18401 Von Karman Avenue, Suite 200
Irvine, California 92612
Telephone:  949.428.8764
Facsimile:   949.428.8779

Attorneys for Defendant
Los Alamitos Unified School District

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M., a minor by and through her Guardian Ad Litem, TAMMY METZGER,<br><br>              Plaintiff,<br><br>       v.<br><br>LOS ALAMITOS UNIFIED SCHOOL DISTRICT, a local educational agency,<br><br>              Defendant. | Case No.: 8:18-cv-00088 AG (DFMx)<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Action Filed: January 18, 2018<br>FAC Filed:    April 10, 2018<br><br>Judge:      Hon. Andrew J. Guilford<br><br>Hearing Date:    June 4, 2018<br>Time:              10:00am<br>Location:         Department 10D<br><br>*[Filed concurrently with: District's Requests for Judicial Notice in Support of District's Reply to Plaintiff's Opposition to District's Motion to Dismiss First Amended Complaint]* |

1

# TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY OF ARGUMENT. ...........................1

II.   ARGUMENT. ...............................................................................................2

    A.    Plaintiff's New Assertion That She Had A "Valid Issue" For
        Hearing Fails To State A Claim. .......................................................2

        1.    Plaintiff Has Not Articulated Any Legal Theory To
            Support OAH's Alleged Jurisdiction Over The Revocation
            Issue. ......................................................................................3

        2.    Plaintiff Fails To Assert Any Facts That Could Bring Her
            Proper Assessment Issue Within The Jurisdiction Of
            OAH. ......................................................................................5

    B.    Plaintiff Grossly Distorts The Issues She Actually Pled Before
        OAH In A Futile Attempt To Dodge Exhaustion. ...............................6

    C.    Plaintiff Failed To Establish Any Prejudice Suffered As A Result
        Of The Dismissal Of Her Original OAH Case, And Has Not
        Denied That She Can Simply File A New Complaint On Her
        Admittedly New Issues. .......................................................................8

    D.    Permitting Further Amendment Would Be Futile. ..............................9

III.  CONCLUSION. .........................................................................................10

HARBOTTLE LAW GROUP
Attorneys at Law

{1111741 2 }

# TABLE OF AUTHORITIES

**Federal Cases**

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). .....................2

*Coningsby v. Oregon Dep't of Educ.*, No. 3:16-CV-00627-HZ, 2016 WL 4844078 (D. Or. Sept. 13, 2016).....................................................................................................2

*Gingery v. City of Glendale*, 831 F.3d 1222 (9th Cir. 2016)......................................9

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, (9th Cir. 2008). .................................9

*M.C. by & through D.C. v. Oregon Dep't of Educ.*, 695 F. App'x 302 (9th Cir. 2017). ...............................................................................................................................2

*M.M. v. Lafayette School Dist*, 767 F.3d 842 (9th Cir. 2014). .................................5

*Mera v. City of Glendale, Cal.*, 137 S. Ct. 1377, 197 L. Ed. 2d 555 (2017)..............9

*Salameh v. Tarsadia Hotel*, 726 F.3d 1124 (9th Cir. 2013). .....................................9

*Wyner v. Manhattan Beach Unified Sch. Dist.*, 223 F.3d 1026 (9th Cir. 2000). ........4

**Federal Regulations and Statutes**

20 U.S.C. § 1415(o). ...............................................................................................2, 7, 8, 10

20 U.S.C. §§ 1400 *et seq.* ...........................................................................................1

34 C.F.R. § 300.300(b)(4)(i)........................................................................................6

34 C.F.R. § 300.300(b)(4)(iii). ...................................................................................6

34 C.F.R. § 300.300(b)(4). ......................................................................................1, 5, 6

F.R.C.P. 8(a)(2)...........................................................................................................8

**Administrative Guidance**

*Letter to Cox*, 54 IDELR 60, 110 LRP 10357 (OSEP, Aug. 2009). ......................3, 4

**State Regulations and Statutes**

Cal. Educ. Code § 56505(l). ......................................................................................5

Cal. Educ. Code § 56509. ......................................................................................2, 8, 10

Cal. Family Code § 3083. ..........................................................................................4

## I. <u>INTRODUCTION AND SUMMARY OF ARGUMENT.</u>

In response to Los Alamitos Unified School District's ("District") Motion to Dismiss Plaintiff M.M.'s First Amended Complaint ("FAC") for failure to state a claim and for failure to exhaust administrative remedies, Plaintiff has, again, failed to state a legal rationale for *any* of her three causes of action.  In Opposition, she has not even specifically *mentioned* the causes of action she actually raised in her FAC, thereby admitting that they do not state a claim as written.  Instead, Plaintiff has simply alleged brand-new claims, which, of course, have also not been exhausted.

The central argument of the District's Motion was that Plaintiff had not alleged error with the substance of the Office of Administrative Hearings ("OAH") decision from which she appealed. (FAC, Exhibit A (hereinafter, "OAH Decision"). The OAH Decision found that each of the two issues pled by Plaintiff were outside of its jurisdiction.  (OAH Decision, 6: ¶¶ 9-10.)  Plaintiff failed to even brief, and therefore waived, the jurisdictional arguments at the administrative level, and did not contest the jurisdictional findings either in her request for reconsideration before OAH, or anywhere in her FAC. (FAC, 10: ¶ 27, 11: ¶ 30.)  Plaintiff admits that she did not contest OAH's findings of its own jurisdiction in her FAC.  (Opposition, 7:8-10.)

Through her Opposition, rather than claiming the FAC was sufficient, Plaintiff simply asserts a brand-new claim that OAH erred by dismissing her second issue, concerning assessment.  As shown below, Plaintiff has not asserted a cognizable legal theory to support her new allegation of error with regard to OAH's jurisdiction over the second issue, as it was pled in her original request for due process before OAH.  Moreover, her attempts to reimagine her assessment issue here, in order to survive the District's Motion to Dismiss, only serve to illustrate the fact that she has not exhausted any potential claims regarding assessment that arose after May 29, 2015, when Plaintiff's father revoked his consent to special education under the Individuals with Disabilities Education Improvement Act ("IDEA"). 20

HARBOTTLE LAW GROUP
Attorneys at Law
{1111741 2

U.S.C. §§ 1400 *et seq.*; 34 C.F.R. § 300.300(b)(4).

Plaintiff has failed to meet her burden to show that there is any cognizable legal theory to support her appeal of the OAH Decision.  Accordingly, her FAC should be dismissed without leave to amend.  Plaintiff should be instructed to file a separate request for due process before OAH concerning her new belated issues, as she is expressly permitted to do under the IDEA.  20 U.S.C. § 1415(o); Cal. Educ. Code § 56509.

II.   **ARGUMENT.**

A.   **Plaintiff's New Assertion That She Had A "Valid Issue" For Hearing Fails To State A Claim.**

The District's Motion to Dismiss explained that, in order to survive a motion to dismiss of her FAC, Plaintiff must present a cognizable legal theory supporting reversal of the OAH Decision, as well as sufficient facts to support that cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Where, as here, a parent appeals a decision or order concerning the limits of the administrative agency's own jurisdiction, she must plead a legal theory or facts to support the claim that OAH actually does have jurisdiction over the matters dismissed.  *See, e.g., Coningsby v. Oregon Dep't of Educ.*, No. 3:16-CV-00627-HZ, 2016 WL 4844078, at *4–6 (D. Or. Sept. 13, 2016), *aff'd sub nom.  M.C. by & through D.C. v. Oregon Dep't of Educ.*, 695 F. App'x 302 (9th Cir. 2017) (granting motion to dismiss parent's claim for reversal of order dismissing state agency for lack of jurisdiction, because parent failed to plead sufficient facts to establish that the state agency was an appropriate party under the IDEA).

Through her Opposition, Plaintiff failed to meet that burden.  Instead, Plaintiff simply labels her "cognizable legal theory" without making one.  She asserts that her cognizable legal theory is: "the failure of OAH to hear their valid issues over which OAH had jurisdiction and to permit the agreed-upon amendment of the due process complaint which denied Plaintiff due process, including the right

to hearing on their ripe special education issues." (Opposition, 8:23-28.)

Importantly, Plaintiff obfuscates just what "valid issues" she believes she pled, and fails to assert any facts or law to support the assumption underlying her entire "cognizable legal theory:" *that OAH actually had jurisdiction* over either of the two issues pled in her request for due process.

The two issues actually pled by Plaintiff in her April 28, 2017 request for due process were:

1. "Whether District properly exited [Student] from special education in May 2015 when only one parent consented to that exit and the other rejected District's offer to terminate IEP services;" ("Revocation Issue") and

2. "Whether District had properly assessed [Student's] unique educational needs in mental health and social/emotional, speech/language, and in occupational therapy." ("Proper Assessment Issue.")

    (OAH Decision, 3: ¶ 9.)

As found by the OAH Decision, neither of these two issues are "valid" because they fall outside the jurisdiction of OAH.  Plaintiff has failed to plead sufficient facts, or any legal theory, to argue otherwise.

1. <u>Plaintiff Has Not Articulated Any Legal Theory To Support OAH's Alleged Jurisdiction Over The Revocation Issue.</u>

As to her first issue, Plaintiff does not assert any facts or legal theory for why father's revocation of special education services on May 29, 2015 was actually within the jurisdiction of OAH.  Instead, she simply restates her overall *contention*: "<u>Letter to Cox</u> notwithstanding, Plaintiff contends that it was a denial of the parent's right to joint legal custody for the District to ignore and deny her objection to termination of special education services for M.M."  (Opposition, 12:9-13.)

Plaintiff's statement is clear – she directs this Court to ignore the Office of Special Education Program's ("OSEP") administrative guidance that revocations can be accomplished unilaterally by either parent with joint custody, and that OAH does

HARBOTTLE LAW GROUP
Attorneys at Law

{1111741 2}

not have jurisdiction in such a situation:

> … a parent does not have the right to use Subpart E of the Part B regulations to overcome the other parent's revocation of consent for special education and related services.   Pursuant to 34 CFR § 300.507(a)(1), a parent may only file a due process complaint with respect to any of the matters described in sections 300.503(a)(1) and (2). Section 300.503(a)(1) and (2) cover actions by a "public agency," and not by another parent.  <u>A decision by one parent to revoke consent is not an action by a "public agency,"</u> and when invoked, the public agency has no discretion -- by operation of law, it must provide written notice to the parents, and then cease providing special education and related services consistent with the parental revocation. Moreover, due process complaints "must allege a violation" of a Part B requirement. 34 CFR § 300.507(a)(2).   [Accordingly]… no violation of the IDEA has occurred or could be alleged -- it is not a violation of IDEA for one parent to revoke parental consent for special education and related services over the objection of the other parent.  In effect, <u>*the hearing officer would have no role to play as the matter is not one over which he or she has jurisdiction.*</u>

*Letter to Cox*, 54 IDELR 60, 110 LRP 10357 (OSEP, Aug. 2009) (emphasis added).

Moreover, Plaintiff's statement does not even bother to assert that the Revocation Issue implicates a right held by her parent under the IDEA – instead, Plaintiff explicitly asserts that OAH's "error" was in declining to determine her mother's (but not her father's) "right to joint legal custody."  (Opposition, 12:10-11.)

OAH does not have jurisdiction over parental custodial arrangements, as they do not arise under the IDEA. *Wyner v. Manhattan Beach Unified Sch. Dist.*, 223 F.3d 1026, 1028-29 (9th Cir. 2000) (discussing the limit of OAH's jurisdiction).  As admitted by Plaintiff, the parental rights established by the IDEA apply to both parents individually. (Opposition, 10:13-16.)  When both parents with joint custody hold rights, under California law, "either parent acting alone may exercise legal control of the child" unless the parents' custody order specifically requires mutual consent.  Cal. Family Code § 3083.  Here, Plaintiff's father, acting alone, exercised

his legal control over Plaintiff by revoking his consent to special education for her on May 29, 2015. (OAH Decision, 3: ¶5.)  Once consent was revoked, Plaintiff became a general education student by operation of law, and the District was statutorily prohibited from providing her with a free appropriate public education ("FAPE"). 34 C.F.R. § 300.300(b)(4).

In short, Plaintiff fails to point to any legal theory for why her father's unilateral exercise of his parental rights was within the jurisdiction of OAH.  As such, Plaintiff's new assertion (not actually pled in the FAC) that OAH erred by finding the Revocation Issue to be outside of its jurisdiction, must be dismissed with prejudice.

        2.    <u>Plaintiff Fails To Assert Any Facts That Could Bring Her Proper Assessment Issue Within The Jurisdiction Of OAH.</u>

Plaintiff admits on the face of her Opposition that she did not appeal OAH's findings as to the Proper Assessment Issue in her FAC. (Opposition, 7:8-10.)  She contends now, however, that OAH erred in determining that her issue was barred by the statute of limitations. (OAH Decision, 6: ¶10.)  In doing so, Plaintiff argues that the statutory period relevant to her assessment claim was from April 27, 2015 through April 28, 2017, when she filed her request for due process. (Opposition, 6:27 – 7:1.)  This two-year statutory period is consistent with California law. Cal. Educ. Code § 56505(l); *M.M. v. Lafayette School Dist*, 767 F.3d 842 (9th Cir. 2014). However, Plaintiff does not assert that the District conducted any relevant assessments of her during what she understands to be the statutory period, and she fails to reconcile the general rule of a two-year statutory period with the dramatic and preclusive impact of her father's revocation.

Following the revocation on May 29, 2015, by operation of law, the District was prohibited from providing a FAPE to Plaintiff, and could "not be considered to be in violation of the requirement to make FAPE available to the child because of the failure to provide the child with further special education and related services."

HARBOTTLE LAW GROUP
Attorneys at Law

{1111741 2}

34 C.F.R. § 300.300(b)(4)(i), (iii). Given the fact that the District cannot be found in violation of the requirement to provide Plaintiff with FAPE after May 29, 2015, OAH properly determined that the statutory period for Plaintiff's assessment claim was limited to the period before May 29, 2015. 34 C.F.R. § 300.300(b)(4)(i), (iii). Plaintiff has not articulated any legal theory for why her father's revocation would not preclude OAH's jurisdiction for the period following May 29, 2015.

With no legal theory and insufficient facts, Plaintiff's new assertion (not actually pled in the FAC) that OAH erred by finding the Proper Assessment Issue to be outside of its jurisdiction, must be dismissed with prejudice.

### B.   Plaintiff Grossly Distorts The Issues She Actually Pled Before OAH In A Futile Attempt To Dodge Exhaustion.

In her original complaint before OAH, Plaintiff articulated her Proper Assessment Issue as follows:

> "Whether District had properly assessed [Student's] unique educational needs in mental health and social/emotional, speech/language, and in occupational therapy."
> (OAH Decision, 3: ¶ 9.)

The issue was written in the past tense, and clearly addressed whether the assessments that the District had actually conducted of Plaintiff were appropriate and proper. OAH found that Plaintiff had not raised allegations regarding assessments conducted during the statutory period prior to her father's revocation of special education. (OAH Decision, 6: ¶ 10.) OAH correctly found that it was without jurisdiction to hear Plaintiff's Proper Assessment Issue, which alleged a denial of FAPE, for the period after her father's revocation on May 29, 2015. (OAH Decision, 6: ¶ 10.) Plaintiff's Opposition does not contest that finding, and omits any analysis of the explicit regulations regarding revocations. 34 C.F.R. § 300.300(b)(4).

Since she cannot produce sufficient facts to contest the OAH Decision, Plaintiff has instead attempted to construe her Proper Assessment Issue as

1   something that *would* fall within the statutory period, but was never put before OAH

2   for adjudication and exhaustion.

3       Central to Plaintiff's Opposition is her implicit, but repeated, assertion that her

4   mother's April 2017 letter to the District, which stated it was her "formal request that

5   the March 2015 IEP be immediately reinstated," should have been read, somehow,

6   as a request for the District to conduct an initial assessment of Plaintiff.  (FAC, 8: ¶

7   21 (correctly describing the letter as "a written request for reinstatement of M.M.'s

8   IEP"); *but see, e.g.,* Opposition, 11: 10-14 ("Given the mother's request on April 7,

9   2017 for an IEP… which requires a new, "initial" evaluation…); 12: 25-28 ("M.M.'s

10   mother had the authority to seek an IEP from the District.  Any request for an IEP

11   would, by law, include new assessments in areas of suspected disability."); 14:6-7

12   ("mother had been given the right to seek an IEP, which required assessments in

13   areas of disability").)

14       Using this illogical conflation, Plaintiff implies that her Proper Assessment

15   Issue was a "valid issue" because it somehow included her allegations of error in the

16   District's response to her mother's April 2017 letter.  This is simply untenable.  The

17   District's completion of appropriate assessments is separate and apart from the

18   procedural requirements for responding to an (allegedly implied) request for initial

19   assessment.  She has not exhausted any claim she may have regarding the District's

20   response to alleged assessment requests.  Moreover, Plaintiff has already admitted

21   that her allegations regarding the April 2017 letter were the ones she "wished to

22   raise," but did not, before OAH in her original request for due process.  (FAC, 9: ¶

23   26).

24       If, indeed, Plaintiff honestly wishes to raise a procedural issue – to argue that

25   the District should have (inexplicably) interpreted her mother's April 2017 request

26   for "immediate reinstatement of the 2015 IEP" as a request for an initial assessment

27   – Plaintiff may do so through a new complaint before OAH.  20 U.S.C. § 1415(o).

28   Because no such claim has been exhausted, Plaintiff cannot raise her April 2017

allegations for the first time before this Court.

     **C.**     **Plaintiff Failed To Establish Any Prejudice Suffered As A Result Of The Dismissal Of Her Original OAH Case, And Has Not Denied That She Can Simply File A New Complaint On Her Admittedly New Issues.**

In order to state a claim, the plaintiff must show that she is entitled to relief. F.R.C.P. 8(a)(2). Here, Plaintiff has failed to plead that she suffered any injury from OAH's dismissal of her original request for due process with prejudice. While she requests "remand" of her proposed amended complaint, she is already entitled to simply file a new complaint on the same issues she now proposes. 20 U.S.C. § 1415(o); Cal. Educ. Code § 56509.

> The issue raised by Plaintiff's proposed amended complaint was: "Whether District ignored [M.M.'s] mother's request for an IEP and special education services in her letter to the District on April 7, 2017." (RJN, Exh. 1, Proposed Amended Complaint, 9:27-10:1.)

The same administrative law judge who issued the OAH Decision also issued the Order Denying Reconsideration. (RJN, Exh. 2, pg. 16) Looking at the issue presented by Plaintiff in her proposed amended complaint, the ALJ did not note any overlap with the Proper Assessment Issue, and instead noted that the new issue is "well within the statute of limitations." (*Id.*) Accordingly, OAH found that Plaintiff "bears no prejudice [from the denial of reconsideration because] she may simply file her new complaint with OAH." (*Id.*) The Order further specified, "[n]othing in this order prevents Student (Mother) from filing a new complaint with OAH, as contained in her proposed amended complaint." (*Id.* at 16-17.) Although Plaintiff is permitted (and required) to raise her new issue before OAH, she has chosen not to do so.

Plaintiff's own litigation choices cannot be the source of the prejudice she allegedly suffered.

///

**D.     Permitting Further Amendment Would Be Futile.**

Dismissal without leave to amend is proper when it is clear that the complaint cannot be saved by amendment. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008).  "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A plaintiff may not in substance say 'trust me' and thereby gain a license for further amendment when prior opportunity to amend had been given.").

Here, Plaintiff filed her FAC pursuant to a stipulation following a meet and confer between counsel concerning the substance of the District's contemplated Motion to Dismiss.  (FAC, 2: ¶ 1:5-7.)  However, despite filing the FAC after receiving notice of the District's assertions, Plaintiff failed to assert sufficient facts or a cognizable legal theory to state a claim with regard to any of the causes of action she pled.  Similarly, in her Opposition, Plaintiff fails to give the Court notice of what cognizable legal theory and sufficient facts she would now plead to support her claims, if given the opportunity to amend.  *Gingery v. City of Glendale*, 831 F.3d 1222, 1231 (9th Cir. 2016), *cert. denied sub nom. Mera v. City of Glendale, Cal.*, 137 S. Ct. 1377, 197 L. Ed. 2d 555 (2017) (affirming dismissal without leave to amend where, on appeal, the plaintiffs still did not identify any additional allegations that could save their complaint from dismissal).

Through her Opposition, Plaintiff seeks leave to amend her FAC for a second time.  This leave should be denied, as the only claims asserted by Plaintiff – still without sufficient facts or legal theory – concern new issues that were never pled before OAH, and have not been exhausted administratively.  It would be a waste of this Court's resources to permit and consider further amendment when every issue belatedly suggested by Plaintiff would still be subject to summary dismissal due to her failure to exhaust.

There are only two claims being made by Plaintiff at this time – (1) she

should have been permitted to amend her complaint in the already dismissed OAH Action to include her new issue regarding the District's response to her letter in April 2017 (FAC, 9: ¶ 26); and (2) OAH erred by ruling her assessment issue was outside of the statutory period, because OAH should have understood that her assessment issue was actually with regard to the District's alleged inaction in response to her mother's April 2017 letter, which she now alleges was a request for assessment. (Opposition, 14:6-7.)  Plaintiff admits on the face of her FAC that any allegations regarding the April 2017 letter are the ones she "wished to raise" before OAH, but ultimately did not.  (FAC, 9: ¶ 26 ("Plaintiff alleges that District did nothing in response to that request and continues to take no action").)

As Plaintiff admits that she has failed to exhaust each of the claims she now asserts she *meant* to make in her FAC, the District respectfully submits that judicial economy would be better served by a dismissal of Plaintiff's case, as a whole, with prejudice.  Plaintiff would then still be permitted to request due process as to her new issues before OAH, through a separate complaint.  20 U.S.C. § 1415(o); Cal. Educ. Code § 56509.

## III.   **CONCLUSION.**

For the reasons stated above and in the District's Motion to Dismiss, the District respectfully requests that this Court dismiss Plaintiff's action as a whole, without leave to amend, on the grounds that Plaintiff has failed to state a claim, and has not exhausted any of the new issues she now belatedly asserts.

DATED:  May 21, 2018             HARBOTTLE LAW GROUP
                                 TRACY PETZNICK JOHNSON

                                 By:  _____
                                      S. DANIEL HARBOTTLE
                                      TRACY PETZNICK JOHNSON
                                      SYDNEY J. BLAAUW
                                      Attorneys for Defendant
                                      Los Alamitos Unified School District